# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| RENE F. FERNANDEZ, <br>     *Plaintiff*, <br> vs. <br> ERNESTO CASTALDO*, et al.* <br>     *Defendants*. | 2:13-cv-01706-LDG-VCF <br><br> ORDER |

This *pro se* prisoner civil rights action by a Nevada state inmate comes before the Court for initial review of the complaint under 28 U.S.C. § 1915A as well as on plaintiff's motion (#2) for leave to file a longer than usual complaint. The initial partial filing fee in effect has been paid through installments drawn from plaintiff's inmate account.

Turning to initial review, when a "prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," the court must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

In considering whether the plaintiff has stated a claim upon which relief can be granted, all material factual allegations in the complaint are accepted as true for purposes of initial review and are to be construed in the light most favorable to the plaintiff. *See, e.g., Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980). However, mere legal conclusions unsupported by any actual allegations of fact are not assumed to be true in reviewing the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 677-81 & 686-87 (2009). That is, bare and

conclusory assertions that constitute merely formulaic recitations of the elements of a cause of action and that are devoid of further factual enhancement are not accepted as true and do not state a claim for relief. *Id.*

Further, the factual allegations must state a plausible claim for relief, meaning that the well-pleaded facts must permit the court to infer more than the mere possibility of misconduct:

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007).] A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*, at 556, 127 S.Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.*, at 557, 127 S.Ct. 1955 (brackets omitted).
>
> . . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

*Iqbal*, 556 U.S. at 678.

Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

In the complaint, plaintiff Rene F. Fernandez brings a *Bivens* action against two officers and two alleged paid informants of the Drug Enforcement Administration (DEA), in their individual and official capacities. Plaintiff alleges that the defendants entrapped him in drug transactions involving 13 kilos of cocaine over the course of an alleged governmental criminal conspiracy from January through June 4, 2007. Plaintiff acknowledges that he was convicted in Nevada state court of drug trafficking and that the conviction has not been set aside.[1] He nonetheless maintains that he is not challenging his conviction:

---

[1] The Supreme Court of Nevada affirmed the judgment of conviction on direct appeal, and thereafter affirmed the denial of state post-conviction relief. Plaintiff currently has a federal habeas petition challenging the conviction pending before the Court under No. 2:13-cv-02158-GMN-VCF.

> This case put in question the integrity of the judicial process ought not to be sullied by the use of improper police conduct to procure convictions. The plaintiff is not challenging the conviction or the sentence, but the improper procedure that was used from the beginning to the end of the case. . . . .

#1-1, at 3A (electronic docketing page 5). While purportedly not challenging the conviction, plaintiff nonetheless alleges that the defendants "created this case," referring to his criminal case, through unconstitutional outrageous government conduct. He further includes a prayer to have his criminal record expunged, as well, as, *inter alia*, two million dollars a year monetary damages from January 2007 until the conclusion of this case, *i.e.*, during his still continuing incarceration on the criminal conviction that he seeks to have expunged.

When a federal civil rights plaintiff presents claims that necessarily challenge the validity of his conviction, then the claims are not cognizable in the civil rights action "no matter the relief sought (damages or equitable relief), [and] no matter the target of the prisoner's suit . . . *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005)(emphasis in original); *Heck v. Humphrey*, 512 U.S. 477 (1994). A plaintiff presenting claims necessarily challenging the validity of his conviction first must establish that the confinement has been declared invalid by a state tribunal authorized to make such a determination, expunged by executive order, or called into question by the grant of a federal writ of habeas corpus. *Heck*, 512 U.S. at 486-87. *Heck* applies to *Bivens* actions as well as to civil rights actions under §1983. *See, e.g., Martin v. Sias*, 88 F.3d 774 (9th Cir. 1996).

In screening the complaint, even under a liberal reading, the Court is not required to accept as true plaintiff's legal conclusions. The Court thus is not required to accept at face value plaintiff's unfounded conclusion that he is not challenging the validity of his conviction. Plaintiff's claims challenge the constitutionality of the law enforcement conduct that led to his conviction. Such claims necessarily call into question the constitutional validity of the conviction. He seeks to pursue an alleged entrapment defense in his criminal case instead as a civil rights action. Here, as in *Heck*, plaintiff clearly is seeking "damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose

1 unlawfulness would render a conviction or sentence invalid." 512 U.S. at 486.  Indeed, plaintiff himself acknowledges that he is challenging "the use of improper police conduct to procure convictions . . . from the beginning to the end of the case, " and he seeks to have his criminal record expunged.  It further is clear that plaintiff's conviction has not been otherwise overturned, both from the allegations of the complaint and otherwise. The complaint therefore is *Heck*-barred.[2]

The Court finds that allowance of an opportunity to amend would be futile.  Plaintiff is presenting a frivolous attempt to circumvent the *Heck* rule.

IT THEREFORE IS ORDERED that the Clerk shall file the complaint and that the complaint shall be DISMISSED without prejudice for failure to state a claim upon which relief may be granted.  This dismissal shall count as a "strike" under 28 U.S.C. § 1915(g).

IT FURTHER IS ORDERED that plaintiff's motion (#2) for leave to file a longer than usual complaint is GRANTED IN PART only to the extent consistent with the remaining provisions of this order.

The Clerk shall enter final judgment dismissing this action without prejudice.

DATED: 30 April 2014

_____
LLOYD D. GEORGE
United States District Judge

---

[2]Even if the Court were to indulge a highly dubious *arguendo* assumption that the claims instead are not *Heck*-barred, the claims then clearly would be untimely on their face.  That is, the claims would have accrued in 2007 and thus would have become time-barred approximately five years ago.  The applicable statute of limitations period for this *Bivens* action is two years.  The statute of limitations for *Bivens* actions is the personal injury statute for the state in which the district court sits. *Van Strum v. Lawn*, 940 F.2d 406, 410 (9th Cir.1991). Nevada's personal injury statute of limitations is two years. N.R.S. § 11.190(4)(e).  Nothing in the allegations of the complaint reflect any conceivably viable basis for tolling up until within two years of the filing of the present action.

Either way, the complaint is subject to dismissal on its face.  While the Court is dismissing the action without prejudice under *Heck*, plaintiff at all times remains responsible for timely presenting claims.  Nothing herein suggests that plaintiff's claims are or will become timely if they *arguendo* were not now *Heck*-barred.

Nor does the Court suggest that the claims are not subject to other deficiencies.